UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raul Centeno,

      Plaintiff,

v.

Teamsters Local Union 120,

      Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-3772 ADM/AJB

James W. Delaplain, Esq., Delaplain Law Office, Anoka, MN, and Daniel J. Brazil, Esq., Law Offices of Daniel J. Brazil, P.A., Minneapolis, MN, on behalf of Plaintiff.

Martin J. Costello, Esq., and Katrina E. Joseph, Esq., Hughes & Costello, St. Paul, MN, on behalf of Defendant.

## I.  INTRODUCTION

On November 30, 2007, the undersigned United States District Judge heard oral argument on Defendant Teamsters Local Union 120 ("Union") Motion for Summary Judgment [Docket No. 25]. The Union contends that Plaintiff Raul Centeno ("Centeno") has failed to present a genuine issue of material fact for trial regarding the Union's decision not to arbitrate Centeno's grievance against his employer. For the foregoing reasons the Union's motion is granted.

## II.  BACKGROUND[1]

In 2001, Centeno began work at Carquest Distribution Center Lakeville, Inc. ("Carquest") and joined the Union. Centeno Dep. (Def.'s Mem. in Supp. of Mot. for Summ. J.

---

[1] On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

[Docket No. 27], Ex. 2) at 17, 23.  On September 14, 2004, Carquest terminated Centeno and asserted as support for the termination allegations that Centeno sexually harassed coworkers.  Id. at 31-33.  On September 16, 2004, Centeno filed a grievance with the Union regarding his termination.  Id. at 33.

The Union, through its business agent Thomas Riebe ("Riebe"), met with Carquest to discuss settlement.  Riebe Dep. (Def.'s Mem. in Supp. of Mot. for Summ. J., Ex. 3) at 127.  When Riebe was unable to reach a settlement with Carquest he continued processing Centeno's grievance by interviewing the Carquest employees who had filed complaints against Centeno.  Id. at 128.  After interviewing Centeno's coworkers, Riebe recommended to Centeno that he accept Carquest's offer to convert his discharge to a voluntary quit and provide him with a severance package.  Id. at 101-02, 134.  When Centeno declined Carquest's settlement offer, Riebe referred the grievance to the Union's Executive Board.  Id. at 128.  On February 22, 2005, after the Executive Board had twice met to review Centeno's grievance and allow him time to present evidence, Riebe sent Centeno a letter notifying him that the Executive Board decided not to arbitrate his grievance.  Joseph Aff. [Docket No. 28] Ex. 18.

On August 21, 2006, more than one year after the Union declined to arbitrate Centeno's grievance, Centeno filed suit against Carquest and the Union.  Compl. [Docket No. 1].  Centeno summarizes his claim against the Union as follows: "Central to Centeno's claims is that the Union acted with a discriminatory animus in handling his grievance and failure to demand arbitration, a violation of the Union's duty of fair representation."  Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J. [Docket No. 35] at 8.[2]

---

[2] Although Centeno failed to expressly state in his Complaint that the Union breached its duty of fair representation, neither party disputes that the duty of fair representation is the basis of Centeno's Title VII claim against the Union.

### III.  DISCUSSION

The statute of limitations for a suit alleging a breach of a Union's duty of fair representation is six months.  DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169 (1983). Because Centeno filed his suit against the Union more than one year after he alleges the Union breached its duty of fair representation, Centeno's suit is barred by the statute of limitations.

Even if Centeno had timely filed his suit, he has failed to demonstrate any facts demonstrating a genuine issue regarding the Union's decision to decline arbitration.[3]  To establish a prima facie Title VII case against the Union based on a failure to arbitrate his grievance, Centeno must show that the union breached its duty to represent him, and that the breach was motivated by his race, color, religion, sex, or national origin.  Carter v. United Food & Commercial Workers, Local No. 789, 963 F.2d 1078, 1082 (8th Cir. 1992).

Here, Centeno has failed to set forth any evidence demonstrating a connection between his race, color, or national origin, and the Union's decision not to proceed to arbitration.  To the contrary, the evidence demonstrates that the Union arrived at its decision only after meeting with Carquest to negotiate a settlement, investigating the allegations underlying Centeno's discharge, and allowing Centeno an opportunity to present evidence rebutting those allegations.  There is no evidence of record that Centeno's race, color, or national origin factored into the Union's

---

[3]  Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  Ludwig, 54 F.3d at 470.  The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial."  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

decision or the steps it took in processing Centeno's grievance.  Additionally, Centeno has proffered no evidence that the Union treated him differently than any of its other members.  Accordingly, Centeno has failed to demonstrate a genuine issue of material fact regarding whether the Union discriminated against him when they declined to arbitrate his grievance.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 5, 2007.